Milton A. Wiltse, J.
A petition of the natural mother and the stepfather of a minor child of the age of 13 years, in which an adoption is sought, has been presented to this court.
The child’s natural father was divorced because of his adultery. The divorce decree, granted at a Special Term of the Supreme Court, and entered in the Jefferson County Clerk’s office on January 13, 1954, awarded custody of the child to his natural mother, with rights of visitation once each month to the natural father, and provided for support of said child.
Notice was served upon the divorced father of an application for an order of adoption. He appeared with counsel on the return date of the motion, and has opposed same.
By reason of the divorce, the petitioners claim that the consent of the natural father is not necessary for the adoption under the provisions of section 111 of the Domestic Relations Law; and further claim that even should the divorce not obviate its necessity, the natural father has, in fact, abandoned the said child. The natural father contends that the divorce decree does not eliminate the necessity of his consent to the adoption, and further contends that he has not abandoned said child.
*706 A hearing has been had, at which testimony of the parties and their witnesses was taken.
It appears that since the date of the divorce decree, the natural father has never visited the child, has never contacted his former wife regarding its health or well-being, has never given the child a birthday or Christmas present, and has never sent any cards or other communications to him. Some of the payments ordered in the decree for the support of the child have been made, but it has been necessary for the natural mother to apply to the Supreme Court for orders to enforce payments that have been in arrears. In fact, in January of 1960, he was held in contempt by the Supreme Court for failure to pay some of the support then due.
The natural mother was married to the petitioning stepfather of her child, on May 7, 1960, the child is living with them, they have provided a comfortable home for him and are giving him love and affection. Prior to the mother’s present marriage, the child had lived with her and her parents. The natural father has made no effort to see the child since the divorce, except that he did ask a probation officer, in charge of collecting support from him under the divorce decree, at one time, to inquire of the parents of the natural mother whether he might see the child. He was advised that there were no restrictions on his seeing the child, but that he should not take him away from home.
The natural father was married again soon after the divorce and has a son and daughter by such marriage. No factual reason for opposing the adoption appeared in the testimony, other than the natural father’s statement that he wished the child to 11 bear his name ’ ’.
The evidence in this case appears to establish an abandonment of the child by'the natural father, and it is believed that the child’s moral and temporal interests will best be promoted by approving the adoption.
Even though abandonment were not present, it is not believed that consent of the divorced parent is necessary under the facts in this case. (Domestic Relations Law, § 111; Matter of Greenfield, 281 App. Div. 887.)
The adoption asked for herein should be allowed, without the consent of the natural father.
The relief asked for in the petition should be granted in all respects.